RUTLAND,
*January*,
1838.

ALLEN & DRINWATER *v.* R. R. THRALL.

A. & D. were copartners in trade. They dissolved, and D. assigned to A. all the property and debts, to collect and account for. D. being indebted to T., assigned his interest to him to pay said debt, and account for the balance. Afterwards A. also assigned all to T., to pay his and partner's debts to T. For the money received by T. hereon he does not become the bailiff of the plaintiffs *jointly*, but to each *severally*, for their respective interests, so severally assigned to him.

THE facts in this case are stated in the opinion of the court, delivered by

COLLAMER, J.—This was an action of account, against the defendant, as bailiff and receiver of the plaintiffs jointly. A judgment to account was rendered in the county court, and an auditor was appointed. From the auditor's report, the following facts appeared ;—That in 1827, the plaintiffs were copartners, as tanners and curriers; that each of the plaintiffs was indebted to the defendant, and both jointly and severally indebted to others, and were in possession of leather and stock in the progress of manufacture, and demands against different persons. A part of this property had been attached by their creditors.

On the 15th day of Dec. 1827, the plaintiffs executed the following indenture ;

" Know all men by these presents, that the undersigned,
" Oliver Allen and Warren Drinwater, hereby agree to dissolve
" all connection and copartnership in business that may here-
" tofore have existed between them, the said Oliver and War-
" ren, and the said Warren releases and transfers to the said
" Oliver, all his right and title to all the partnership property
" of whatsoever description, and to all accounts and debts
" due them. And the said Oliver covenants and agrees with
" the said Warren, faithfully to account for all the partner-
" ship property, and to pay all the partnership debts, as far
" as funds can be raised from said property to pay said debts,
" and should any·surplus remain, after paying said partner-
" ship debts, and the amount paid by each of the said Oliver
" and Warren, to pay one half of said surplus to the said
" Warren ; and the said Oliver further agrees to pay a cer-
" tain note for one hundred and twenty-five dollars, given by
" the said Warren to John Swett of Boston, for one hundred
" hides, included in the above transfer."

On the 3d day of January, 1828, Drinwater executed to the defendant the following assignment;

RUTLAND,
January,
1838.

Allen &
Drinwater
v.
Thrall.

" I hereby assign to R. R. Thrall, all my right, title, inte-
" rest, claim or demand, to all the property in the firm of
" Allen & Drinwater, and all the debts due said firm, and
" fully authorize and empower the said Thrall to take the
" said property and debts into his possession, and collect the
" debts, and convert the property into cash as expeditiously
" as practicable, and first to pay the said Thrall the full
" amount of his claims against me, and also to pay the amount
" of John Swett's demand against me, and when the afore-
" said claims are fully paid and cancelled, then the said Thrall
" is to restore the residue of said property and debts to me."

On the 2d day of May, 1828, Allen executed to the de-
fendant the following assignment;

" I hereby assign to R. R. Thrall, all my right, title, inte-
" rest, claim or demand, to all the property in the late firm
" of Allen & Drinwater, and all the debts due the said firm,
" and fully authorize and empower the said Thrall to take
" the said property and debts into his possession, and collect
" the debts, and convert the property into cash as expedi-
" tiously as practicable, and first to pay the said Thrall the
" full amount of his claims against me, and also the full
" amount of his claims against the firm of Allen & Drinwa-
" ter, and when the aforesaid claims are fully paid and can-
" celled, the said Thrall is to restore the residue of said pro-
" perty and debts to me.'

The auditor allowed against the defendant the money he
received from the property, and on the debts taken as afore-
said, and rejected the demands which the defendant held
against the said Allen, and also those he held against Drin-
water, and found a balance against the defendant. Which
report was accepted by the county court, and judgment ren-
dered thereon against the defendant, to which there were ex-
ceptions, whereon the cause passed to this court.

By the indenture of Dec. 15, 1827, the copartnership of
the plaintiffs ceased, and all the property was assigned to
Allen. In Jan. 3, 1828, Drinwater assigned all his interest
to the defendant, to pay his (Drinwater's) debts to the de-
fendant. This vested in the defendant the interest which
Drinwater *then* had ; that is, the right to call on Allen for an

Rutland,
January,
1838.

Allen &
Drinwater
v.
Thrall.

account of the avails of what Drinwater assigned to him. In May, 1828, Allen assigned to the defendant all the partnership property, to pay the debts of Allen, and the debts of the copartnership to the defendant. By these contracts the defendant became a bailiff, coupled with an interest. But to whom was he bailiff, and to whom was he bound to account? He made no contract until after the dissolution of the copartnership. He made no contract with the copartnership. He contracted with each of the plaintiffs, in their respective and several rights, and for each of their respective and several interests. He did not contract with them jointly, nor with either for both. Therefore, for aught that is contained in this account, he is not bailiff to the plaintiffs jointly. The fact that the demands, which came to his hands, were in the name of the copartners, no more made him bailiff to the copartners therefor, than it would have made him bailiff to any third person, in whose *name* the demands might happen to have been. It is obvious from what appears on the report, that the defendant is bailiff to the plaintiffs only severally, and is to account to each according to their several respective interests in the property conveyed, and only on the conditions and in the manner by him contracted for to each. If the defendant be bailiff to the plaintiffs jointly, it must be for something not contained in this account.

Judgment reversed.—Report rejected.

*E. L. Ormsbee*, for plaintiffs.

Defendant, *pro se.*